PEOPLE, PLAINTIFF AND APPELLEE, v. LÓPEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for Aggravated Assault and Battery.

No. 1227.—Decided January 21, 1918.

ASSAULT AND BATTERY—PUBLIC OFFICIAL.—In order that an assault and battery upon a public official may be considered aggravated under subdivision 1 of section 6 of the Act of March 10, 1904, it is necessary that the official be acting in the discharge of his official duties at the time of the assault and battery.

ID.—ID.—An information for assault and battery upon an official which fails to allege that the official was acting in the discharge of his duties when the assault was committed charges only simple assault and battery.

The facts are stated in the opinion.

*Mr. Celestino Iriarte, Jr.,* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The defendant was convicted of aggravated assault and battery. The information reads as follows:

"On or about April 10, 1917, in Santurce, of the Judicial District of San Juan, the said Joaquín López Díaz unlawfully, wilfully and maliciously assaulted and beat Manuel G. Galvarín, a detective of the Insular Police, with a stone, inflicting upon him a severe bruise in the right costal region, knowing at the time that Manuel G. Galvarín was a detective of the Insular Police."

The appellant appeared by his attorney at the hearing on

the appeal and pleaded only that the information charged simple assault and battery and not aggravated assault and battery.

The appellant is right. Section 6 of the Act to define and punish assault, etc., approved March 10, 1904, reads in part as follows:

"An assault and battery becomes aggravated when committed under any of the following circumstances:

"1. When committed upon an officer in the lawful discharge of the duties of his office, if it was known or declared to the offender that the person assaulted was an officer discharging an official duty."

Therefore, the aggravating circumstance consists in that the assault and battery is committed on the person of an officer who is discharging his official duties. A policeman may be in his house and engage in a purely personal dispute with another person who knows that he is an officer, and may be assaulted by such person. The fact that the aggressor may have known that the assailed was a public official does not of itself aggravate the offense. The personal dignity of an officer is the same as that of any private citizen. The law makes no distinction in this regard. What aggravates the offense, we repeat, is the fact that the officer is discharging his official duties. It is the dignity of the public service that the legislators had in mind in drawing the distinction.

Therefore, as the information does not allege that Detective Galvarín was discharging his official duties at the time, it does not charge the offense of aggravated assault and battery but simple assault and battery, and the judgment should be modified to harmonize with the information upon which the prosecution is based.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.